UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
DAVID WILLIAMS, TAJUAN CRUM, DERRICK
QUILL, and DAMIEN RICE, *on behalf of themselves
and all other employees similarly situated,*

                                  Plaintiffs,

           -against-

LIPARI TRUCKING, INC., FRANK LIPARI, Chief
Executive Officer and President, *along with any and
all agents, subsidiaries and affiliates,*

                                  Defendants.
-------------------------------------------------------------------X

Civil Action No.

**COLLECTIVE AND CLASS
ACTION COMPLAINT**

*Jury Trial Demanded*

       Plaintiffs DAVID WILLIAMS, TAJUAN CRUM, DERRICK QUILL, and

DAMIEN RICE, on behalf of themselves and all other similarly situated employees of

Defendants, including former employees, by and through their attorneys, the law firm of

Avallone & Bellistri, LLP, as and for their Collective and Class Action Complaint against

their employers, Defendants LIPARI TRUCKING INC., *et al.*, allege upon personal

knowledge as to themselves, and upon information and belief as to all other similarly

situated employees, the following:

## NATURE OF ACTION

       1.    Plaintiffs bring this action seeking monetary damages, as well as

injunctive and declaratory relief, to redress Defendants' violation of the Fair Labor

Standards Act of 1938 (hereinafter "FLSA"), as amended, 29 U.S.C. §§ 201, *et seq.,* the

New York State Labor Law ("NYLL") §§ 190, *et seq.*, the New York State Minimum

Wage Act ("NYMWA"), NYLL §§ 650, *et seq.*, and the New York Minimum Wage

Order for Miscellaneous Industries and Occupations, 12 N.Y. Code of Rules and

Regulations §§ 142, *et seq.*, as well as other appropriate laws, rules, regulations, statutes

1

and ordinances, for the deprivation of rights secured to Plaintiffs DAVID WILLIAMS, TAJUAN CRUM, DERRICK QUILL, and DAMIEN RICE, individually, as well as all other similarly situated employees of Defendants, including former employees, who elect to opt into this action pursuant to the FLSA, 29 U.S.C. § 216(b) ("Class Members"), based upon, *inter alia*, Defendants' failure to pay their employees minimum wage, Defendants' failure to pay their employees the overtime rate of one and one-half (1.5) times the regular rate of pay or minimum wage, as applicable, for hours worked in excess of forty (40) hours in a workweek, and Defendants' preventing their employees from utilizing the statutorily allotted meal breaks in violation of the NYLL. Class Members consist of, as further described below, "Driver/Delivery/Helper/Install Personnel." The Class Members are all current or former members of Defendants' workforce whose rights were, and/or are presently, violated by Defendants as stated herein.

2.      Plaintiffs and others similarly situated (hereinafter "Driver/Delivery/Helper/Install Personnel") are not employees exempt from the minimum wage and overtime pay requirements under Federal or State law. Defendants failed, and continue to fail, to pay Driver/Delivery/Helper/Install Personnel minimum wage and time-and-one-half pay for overtime hours.

3.      The Driver/Delivery/Helper/Install Personnel are required, under threat of termination by Defendants, to work many hours for which they are never paid overtime. For example, Driver/Delivery/Helper/Install Personnel work as many as twelve (12) to sixteen (16) hours per day, sometimes seven (7) days per week, all without being lawfully compensated.

2

4.      Defendants' failure to pay the named Plaintiffs and the other similarly situated Class Members overtime wages and other wages for hours mandated to work, is a violation of, *inter alia*, the FLSA, the NYLL and the NYMWA.

5.      Plaintiffs, on behalf of themselves and a class of other similarly situated current and former employees of Defendants, seek a declaratory judgment, monetary damages in the form of unpaid wages for work performed and overtime hours worked for which they did not receive minimum wage, meal periods, overtime premium pay, as required by both State and/or Federal law, liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201, *et seq.*, reasonable attorney's fees, costs of this action, as well as any other and further relief this Court may deem just and proper, pursuant to the FLSA, 29 U.S.C. § 216(b), the NYLL and NYMWA §§ 198 and 663.

## JURISDICTION AND VENUE

6.      Jurisdiction of this Court is based upon 29 U.S.C. §§ 201, *et seq.*, 28 U.S.C. §§ 1331 and 1337 and the doctrine of supplemental jurisdiction pursuant to 28 U.S.C. § 1367, giving this Court jurisdiction over all state law claims brought in this action.

7.      Defendant LIPARI TRUCKING, INC. is a New York domestic business corporation with principal places of business ("Corporate Headquarters") located at 3845 Condit Street, Seaford, New York and 127 Lagoon Blvd., Massapequa, New York 11758. Defendant LIPARI TRUCKING, INC. performs a majority of its operations on Long Island (Nassau and Suffolk Counties) and in the New York City Boroughs of Queens and Brooklyn. Accordingly, venue of this action properly lies in the Eastern District of New York, pursuant to 28 U.S.C. § 1391.

## THE PARTIES

### PLAINTIFF TAJUAN CRUM

8.      Plaintiff TAJUAN CRUM is currently a resident of the State of New York.  At all relevant times, Plaintiff CRUM resided in the County of Nassau.

9.      At all times relevant to this Complaint, Plaintiff TAJUAN CRUM was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C.  § 203(e) and the NYLL § 190(2).

10.     Plaintiff TAJUAN CRUM was employed by Defendants as a Driver/Deliver/Helper/Installer at their loading location, 127 Lagoon Boulevard, Massapequa, New York, from on or about 2011 to July 2017.

11.     During the course of his employment, Plaintiff TAJUAN CRUM was an hourly employee as defined by the NYLL, and therefore, was entitled to minimum wage, a meal break and overtime.

### PLAINTIFF DERRICK QUILL

12.     Plaintiff DERRICK QUILL is currently a resident of the State of New York.  At all relevant times, Plaintiff QUILL resided in the County of Nassau.

13.     At all times relevant to this Complaint, Plaintiff DERRICK QUILL was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C.  § 203(e) and the NYLL § 190(2).

14.     Plaintiff DERRICK QUILL was employed by Defendants as a Driver/Deliver/Helper/Installer at their loading location, 127 Lagoon Boulevard, Massapequa, New York, from on or about 2014 to present.

4

15.     During the course of his employment, Plaintiff DERRICK QUILL was an hourly employee as defined by the NYLL, and therefore, was entitled to minimum wage, a meal break and overtime.

**PLAINTIFF DAMIEN RICE**

16.     Plaintiff DAMIEN RICE is currently a resident of the State of New York. At all relevant times, Plaintiff RICE resided in the County of Nassau.

17.     At all times relevant to this Complaint, Plaintiff DAMIEN RICE was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e) and the NYLL § 190(2).

18.     Plaintiff DAMIEN RICE was employed by Defendants as a Driver/Deliver/Helper/Installer at their loading location, 127 Lagoon Boulevard, Massapequa, New York, from on or about 2009 to on or about 2013.

19.     During the course of his employment, Plaintiff DAMIEN RICE was an hourly employee as defined by the NYLL, and therefore, was entitled to minimum wage, a meal break and overtime.

**PLAINTIFF DAVID WILLIAMS**

20.     Plaintiff DAVID WILLIAMS is currently a resident of the State of New York.  At all relevant times, Plaintiff WILLIAMS resided in the County of Suffolk.

21.     At all times relevant to this Complaint, Plaintiff DAVID WILLIAMS was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e) and the NYLL § 190(2).

22.     Plaintiff DAVID WILLIAMS was employed by Defendants as a Driver/Deliver/Helper/Installer at their loading location, 127 Lagoon Boulevard, Massapequa, New York, from on or about 2011 to present.

23.     During the course of his employment, Plaintiff DAVID WILLIAMS was an hourly employee as defined by the NYLL, and therefore, was entitled to minimum wage, a meal break and overtime.

**THE DEFENDANTS**

24.     Defendant LIPARI TRUCKING, INC. is a New York corporation that operates as a truck hauling contractor primarily in the New York metropolitan tri-state area.

25.     Defendant LIPARI TRUCKING, INC. provides, *inter alia*, contracting and home improvement services.

26.     Defendant LIPARI TRUCKING, INC. is headquartered in Seaford, New York and operates throughout the New York metropolitan tri-state area.

27.     Defendant LIPARI TRUCKING, INC. contracts with private and public entities to provide for-hire truck transportation, delivery, and installation. As of October 2017, Defendant LIPARI TRUCKING, INC. employed a staff of approximately twenty-three (23) individuals. With regard to the instant Collective and Class Action Complaint, the afore-named corporate Defendant, the below individually-named corporate Executive and Management Staff Member Defendant, including any and all agents, affiliates, associates, divisions, subsidiaries, shell and/or dummy corporations of said corporate Defendant, whether specifically named-herein (i.e. FRANK LIPARI) or still presently unknown to Plaintiffs, are hereinafter collectively referred to as LIPARI TRUCKING.

28.     Defendant FRANK LIPARI, at all times relevant to this Complaint, is and was Chief Executive Officer of LIPARI TRUCKING and is an "employer" under the FLSA and will be jointly liable under the Act.

29.     Defendant FRANK LIPARI, at all times relevant to this Complaint, is and was President of LIPARI TRUCKING and is an "employer" under the FLSA and will be jointly liable under the Act.

30.     Upon information and belief Defendant FRANK LIPARI represents the officers, directors and/or managing agents of Defendant LIPARI TRUCKING INC. ("Corporate Defendant) who participated in the day-to-day operations of Corporate Defendant and acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 29 U.S.C. § 203(d) and the regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as the NYLL § 2 and the regulations promulgated thereunder, and is jointly and severally liable with Corporate Defendant.

31.     The above-named individual Defendant is actively involved in the payroll functions of Corporate Defendant.

## COLLECTIVE ACTION ALLEGATIONS

32.     Pursuant to 29 U.S.C. § 207, Plaintiffs seek to prosecute their FLSA claims as a collective action on behalf of all persons who are, or were formerly, employed by Defendants at any time since October 2011 to the entry of judgment in this case ("Collective Action Period"), who were non-exempt employees within the meaning of the FLSA and who were not paid overtime at rates not less than one and one-half (1.5) times the regular rate of pay for hours worked in excess of forty (40) hours per workweek ("Collective Action Members").

33.     This collective action class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Defendants, upon information and belief, there are several hundred Collective Action Members during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys, knowledge of their claims or are in fear of retaliation.

34.     Plaintiffs will fairly and adequately protect the interests of the Collective Action Members and have retained counsel that is experienced, knowledgeable and competent in the fields of employment law and collective/class action litigation. Plaintiffs have no interests that are contrary to, or in conflict with, those members of this collective action.

35.     A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to seek redress individually for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

36.     Questions of law and fact common to the Collective Action Members predominate over questions that may affect only individual members because the Defendants have acted on grounds generally applicable to all members. Among the

questions of law and fact that are common to all Plaintiffs and other Collective Action Members are:

     a.     Whether Defendants employed the Collective Action Members within the meaning of the FLSA;

     b.     Whether Defendants failed to keep true and accurate time records for all hours worked by Plaintiffs and the Collective Action Members;

     c.     What proof of hours worked is sufficient where Defendants failed in their duty to maintain time records;

     d.     Whether Defendants failed to post or keep posted a notice explaining the minimum wages and overtime pay rights provided by the FLSA in any area where Plaintiffs are employed, in violation of C.F.R. § 516.4;

     e.     Whether Defendants failed to pay the Collective Action Members for all hours worked as well as overtime compensation for hours worked in excess of forty (40) hours per workweek, in violation of the FLSA and the regulations promulgated thereunder;

     f.     Whether Defendants' violations of the FLSA were willful as that term is used within the context of the FLSA;

     g.     Whether Defendants are liable for damages claimed hereunder, including but not limited to compensatory, punitive and statutory damages, interest, costs and disbursements and attorneys' fees; and

     h.     Whether Defendants should be enjoined from such violations of the FLSA in the future.

37.     Plaintiffs know of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

## CLASS ACTION ALLEGATIONS

38.     Plaintiffs bring the Second through Fifteenth Causes of Action as a class action under Rule 23 of the Federal Rules of Civil Procedure on behalf of a class (the Rule 23 Class), consisting of :

> All persons who work or worked as Driver/Delivery/Helper/Installer for LIPARDI TRUCKING in the tri-state area from October 2011 through the date the Court certifies the class (The Rule 23 Class Period). Excluded are Defendants and any corporations, partnerships, or other entities affiliated with them.

39.     Plaintiffs bring their NYLL claims on behalf of all persons who are, and were formerly, employed by Defendants at any time since October 2011, the entry of judgment in this case ("Class Action Period"), who were non-exempt employees within the meaning of the NYLL and have not been paid regular wages and overtime wages in violation of the NYLL ("Class Action Members").

40.     The Class Action Members identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are several hundred Class Action Members during the Class Action Period.

41.     The claims of Plaintiffs are typical of the claims of all Class Action Members and a class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where Plaintiffs lack the adequate financial resources, the access to attorneys,

10

and the knowledge of their claim to vigorously prosecute a lawsuit in federal court against Defendants, and are in fear of retaliation.

42.     Defendants have acted or refused to act on grounds generally applicable to the Class Action Members, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class Action Members as a whole.

43.     Plaintiffs are committed to pursuing this action and have retained competent counsel experienced in employment law and class action litigation.

44.     Plaintiffs have the same interests in this matter as all other Class Action Members and Plaintiffs' claims are typical of all Class Action Members.

45.     There are questions of law and fact common to all Class Action Members which predominate over any questions solely affecting the individual members of the Class, including but not limited to:

a.     Whether Defendants employed the members of all Class Action Members within the meaning of NYLL;

b.     Whether Defendants failed to keep true and accurate time records for all hours worked by Plaintiffs and Class Action Members;

c.     What proof of hours worked is sufficient where Defendants failed in their duty to maintain accurate time records;

d.     Whether Defendants failed and/or refused to pay the Class Action Members for all hours worked as well as premium pay for hours worked in excess of forty (40) hours per workweek within the meaning of the NYLL;

11

e.      Whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, interest, costs and disbursements and attorneys' fees; and

f.      Whether Defendants should be enjoined from such violations of the NYLL in the future.

## SUBSTANTIVE ALLEGATIONS

### DRIVER/DELIVERY/HELPER/INSTALL PERSONNEL PLAINTIFFS AND OTHERS SIMILARLY SITUATED

46.     All paragraphs in this section shall apply to all of the named plaintiffs in this action and all others similarly situated.

47.     Plaintiffs were all employed for varying durations of time by Defendants during the relevant statutory period (October 2011 to present), as aforementioned.

48.     Plaintiffs were/are employed as Driver/Delivery/Helper/Installers and report(ed) each workday to Defendants' loading location, 127 Lagoon Boulevard, Massapequa, New York ("Warehouse").

49.     Plaintiffs routinely worked over forty (40) hours per workweek.

50.     As a matter of routine, Defendants tell Plaintiffs that they must travel to and from each delivery location, and deliver and install all appliances on their trucks. Plaintiffs are warned by Defendants that they cannot return to the Warehouse until all said appliances are delivered and installed, otherwise they will not get paid.

51.     Plaintiffs are required to travel, deliver and install appliances to between fifteen (15) and twenty-five (25) locations on a given day.

52.     Defendants pay Plaintiffs *well below* minimum wage and Plaintiffs are *not properly* compensated for overtime hours per statute.

53.     Defendants routinely deny Plaintiffs, and other similarly situated employees, meal periods for which they are never compensated.

54.     Defendants routinely deny Plaintiffs who deliver high-end merchandise, and other similarly situated employees, the correct hourly wage for holiday pay for the high-end appliance drivers and installers.

55.     Furthermore, in the event that any issues arise upon delivery (*inter alia*, a customer is unsatisfied with the appliance, the wrong appliance is shipped, an appliance is found to be damaged, etc.), Defendants require Plaintiffs to re-load the appliance on the truck and return it to the Warehouse. Plaintiffs are never compensated for the hours devoted to said delivery and return, nor are they credited for that stop.

56.     All Driver/Delivery/Helper/Install Personnel often work for more than ten (10) hour intervals and are not paid "spread-of-hours-pay" by Defendants as required by the NYLL.

57.     The employment practices set forth above represent Defendants' policy and procedure for all Driver/Delivery/Helper/Install Personnel in their employ.

## FIRST CAUSE OF ACTION
(Violation of the FLSA – Overtime Pay)

58.     Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs as if they were set forth herein.

59.     During the FLSA Collective Period, Plaintiffs and the FLSA Collective Action Members were "employees" of Defendants within the meaning of the FLSA, 29 U.S.C. § 203(e) and (g).

60.     During the FLSA Collective Period, Plaintiff and the FLSA Collective Action Members were employees engaged in commerce or in the production of goods for

commerce within the meaning of 29 U.S.C. §§ 203(b), 206, and 207 and therefore individually covered by the FLSA.

61.     During the FLSA Collective Period, Defendants have been and continue to be, an "employer" engaged in interstate "commerce" and/or the production or sale of "goods" for "commerce" within the meaning of the FLSA, 29 U.S.C. § 203.

62.     During the FLSA Collective Period, Corporate Defendant had annual gross revenue in excess of five-hundred thousand ($500,000.00) dollars.

63.     Plaintiffs consent in writing to be a party to this action pursuant to 29 U.S.C. § 216(b).   Plaintiffs' written consent is attached hereto as Exhibit A and incorporated by reference herein.

64.     Under the FLSA, employees are entitled to overtime pay at the rate of one and one-half times their regular rate of pay for all hours worked in excess of forty in a workweek.  29 U.S.C. § 207(a)(1).

65.     Commissioned sales workers are entitled to overtime pay under the FLSA unless their base rate of pay meets two conditions: (1) the employee's regular rate of pay is more than one and one-half times the minimum wage, and (2) more than half the employee's compensation for a representative period represents commissions ("Commissioned Sales Worker Exemption").  29 U.S.C. § 207(i).

66.     Plaintiffs and the FLSA Collection Action Members were not exempt from FLSA's overtime requirements under the Commissioned Sales Worker Exemption.

67.     During the FLSA Collective Period one and one-half times the federal minimum wage equaled $10.875 per hour based on the minimum wage of $7.25 per hour which has been in effect from July 24, 2009 through the present.

14

68.     As a result of Defendants' willful failure to compensate its employees for all the hours worked by them, including the Plaintiffs and the Collective Action Members, for all the hours worked by them, and failure to compensate its employees at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours in a workweek, the Defendants have violated and, continue to violate, the FLSA, Defendants' 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

69.     Failure to pay the Plaintiffs and the FLSA Collective Action Members was willful within the meaning of the FLSA, and therefore a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255(a).

70.     As a result of Defendants' failure to record, report, credit and/or compensate its employees, including all Plaintiffs and the Collective Action Members, Defendants have failed to make, keep, and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

71.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

72.     As a result of Defendants' violations of the FLSA, Plaintiff and the FLSA Collective Action Members have suffered damages by being denied pay for all of their hours worked and overtime wages, in amounts to be determined at trial and are therefore entitled to recovery of such amounts, an equal additional amount as liquidated damages, additional liquidated damages for unreasonably delayed payment of wages, pre-judgment

and post-judgment interest, reasonable attorneys' fees, costs, and punitive damages pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION
(Violation of the New York Labor Law [NYLL] – Overtime Pay)

73.     Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs as if they were set forth herein.

74.     During the Rule 23 Class Period, Plaintiffs and the Class Action Members were "employees" within the meaning of N.Y. Lab. Law §§2 and 651(5) and N.Y. Comp. Codes R. & Regs., tit. 12, § 142-2.14.

75.     During the Rule 23 Class Period, Defendants were employers within the meaning of N.Y. Lab. Law § 650(6).

76.     The NYLL requires employers to pay overtime under the New York Minimum Wage Act ("NYMWA").  An employer must pay its employee one-and-one-half times his regular rate for all hours worked in excess of forty hours in a workweek. 12 NYCRR § 142-2.2.  Employers shall be liable in the amount of any underpayments and for liquidated damages as provided by NYLL §§ 198.1-a and 663.

77.     Defendants have no "good faith" basis and reasonable grounds for its underpayment of the Plaintiffs and Class Action Members.

78.     Throughout the Rule 23 Class Period, Defendants failed to pay Plaintiffs and the Class Action Members overtime wages of not less than one and one-half times their regular hourly rate for each hour worked in excess of forty in a workweek.

79.     Defendants' failure to pay overtime to Plaintiffs and the Class Action Members violated the NYLL.

80.     Defendants' failure to pay Plaintiffs and the Class Action Members overtime wages was not in good faith.  Plaintiffs and the Class Action Members are entitled to recover overtime wages, liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

81.     In addition, Plaintiffs and the Class Actions Members seek to enjoin Defendants from their continuing violations of the NYLL.

### THIRD CAUSE OF ACTION
(Violation of the NYLL – Unpaid Wages)

82.     Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs as if they were set forth herein.

83.     The NYLL requires employers to pay wages for each hour worked. NYLL §§ 190(1) *et seq*.

84.     Defendants did not pay Plaintiffs and the Class Action Members for each hour worked.

85.     Defendants' failure to pay Plaintiffs and the Class Action Members for each hour worked was not in good faith.

86.     Plaintiffs and the Class Action Members are entitled to recover overtime wages, liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

87.     In addition Plaintiffs and the Class Action Members seek to enjoin Defendants from their continuing violations of the NYLL.

### FOURTH CAUSE OF ACTION
(Violation of the NYLL – Spread-of-Hours Pay)

88.     Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs as if they were set forth herein.

89.     The NYLL requires employers to pay an extra hour's pay for each day that an employee ends work more than ten hours after that employee began work ("spread-of-hours pay"). NYLL §§190 *et seq*. and §§ 650 *et seq*.

90.     Defendants failed to pay Plaintiffs and the Class Action Members an additional hour's pay at the basic minimum hourly wage rate for each day that they worked a spread of hours that exceeded ten (10) hours or a shift in excess of ten (10) hours.

91.     Defendants' failure to pay spread-of-hours wages was not in good faith.

92.     Due to Defendants' violations of the NYLL, Plaintiffs and the Class Action Members are entitled to recover from Defendants their unpaid wages, liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

**FIFTH CAUSE OF ACTION**
(Violations of NYLL – Failure to Include All Required Information on Wage Statements)

93.     Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs as if they were set forth herein.

94.     Section 195(3) of the NYLL requires employers to provide each nonexempt employee with a wage statement that includes "the number of regular hours worked, and the number of overtime hours worked" by that employee during each workweek.  NYLL §§ 195(3); 12 N.Y.C.R.R. § 142-2.7.

95.     Plaintiffs and the Class Action Members meet the definition of employee under section 651(5) of the NYMWA, N.Y. Lab. Law § 651(5), and therefore are not exempt from overtime pay under the NYLL.

96.     Defendants failed to include on their wage statements "the number of regular hours worked, and the number of overtime hours worked" each workweek by Plaintiffs and the Class Action Members.

97.     Defendants' failure to provide this information on wage statements as required by the NYLL was not in good faith.

98.     Under section 198(1-d), Plaintiffs and the Class Action Members are each entitled to damages of fifty ($50) dollars for each workweek in which Defendants violated section 195(3) of the NYLL by not furnishing them with a proper wage notice, and damages of one hundred ($100) dollars for each workweek that Defendants failed to provide them with accurate wage statements up to a maximum of twenty-five hundred ($2,500) dollars, together with costs and reasonable attorneys' fees.

## SIXTH CAUSE OF ACTION
(Violations of NLL – Failure to Pay Minimum Wage)

99.     Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs as if they were set forth herein.

100.    Plaintiffs and the Class Action Members meet the definition of employee under section 651(5) of the NYMWA, N.Y. Lab. Law § 651(5), 142-2.1.

101.    Defendants failed to pay Plaintiffs and the Class Action Members the correct minimum hourly wage from October 11, 2011 to present nor did they notify Plaintiffs and the Class Action Members of the pay rate.

102.    Defendants' failure to provide Plaintiffs and the Class Action Members the correct hourly wage as required by NYLL section 652, 142-2.1, 142-3.1, 195.1 and 195.2 was not in good faith.

103.     Under section 198(1-d), Plaintiffs and the Class Action Members are each entitled to damages for each workweek in which Defendants violated the NYLL by not paying the correct hourly rate and by not furnishing them with a proper wage, and damages of at least one hundred ($100) dollars for each workweek that Defendants failed to provide Plaintiffs with accurate wage statements up to a maximum of twenty-five hundred ($2500) dollars, together with costs and reasonable attorneys' fees per NYLL section 218 and 198.

### SEVENTH CAUSE OF ACTION
(Violations of NYLL – WTPA Violations relating to Paystubs and 195 Notices)

104.     Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs as if they were set forth herein.

105.     The Wage Theft Prevention Act ("WPTA"), which came into effect in 2011, requires Defendants to provide their employees pay notices at the time of hire and when there are changes in the information on pay notices, and proper wage statements. The WPTA also provides employees freedom from retaliation for complaining about possible violations of the NYLL.

106.     Defendants failed to include the required information on their wage statements including, *inter alia*, "the number of regular hours worked and the number of overtime hours worked" each workweek by Plaintiffs and the Class Action Members, along with other required information and notices.

107.     Defendants' failure to provide this information on their wage statements as required by the WTPA and the NYLL was not in good faith.

108.     Under section 198(1-d), Plaintiffs and the Class Action Members are each entitled to damages of fifty ($50) dollars for each workweek in which Defendants

violated section 195(3) of the NYLL by not furnishing them with a proper wage notice, and damages of one hundred ($100) dollars for each workweek that Defendants failed to provide them with accurate wage statements up to a maximum of twenty-five hundred ($2,500) dollars, together with costs and reasonable attorneys' fees.

**EIGHTH CAUSE OF ACTION**
(Violations of NLL – Failure to Provide Meal Breaks)

109.     Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs as if they were set forth herein.

110.     Section 162 of the NYLL requires Defendants to provide each nonexempt employee with a meal period.

111.     Defendants failed to provide a meal break to Plaintiffs and the Class Action Members.

112.     Under section 198(1-d), Plaintiffs and the Class Action Members are each entitled to damages of fifty ($50) dollars for each workweek in which Defendants violated section 195(3) of the NYLL by not furnishing them with a proper wage notice, and damages of one hundred ($100) dollars for each workweek that Defendants failed to provide them with accurate wage statements up to a maximum of twenty-five hundred ($2,500) dollars, together with costs and reasonable attorneys' fees.

**NINTH CAUSE OF ACTION**
(Violations of NYLL – Failure to Keep Records)

113.     Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs as if they were set forth herein.

114.     Section 142-2.6 of the NYLL requires Defendants to establish, maintain and preserve for no less than six (6) years weekly payroll records for each employee.

115.     Defendants' failed to maintain and preserve the required payroll records.

116.     Defendants' failure to keep, maintain, and preserve the records as required by the NYLL was not in good faith.

117.     Under section 198(1-d), Plaintiffs and the Class Action Members are each entitled to damages of fifty ($50) dollars for each workweek in which Defendants violated section 195(3) of the NYLL by not furnishing them with a proper wage notice, and damages of one hundred ($100) dollars for each workweek that Defendants failed to provide them with accurate wage statements up to a maximum of twenty-five hundred ($2,500) dollars, together with costs and reasonable attorneys' fees.

## TENTH CAUSE OF ACTION
(Violations of NYLL – Failure to Provide One Day Off in Seven Day Workweek)

118.     Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs as if they were set forth herein.

119.     Section 161 of the NYLL requires Defendants to provide their employees at least one (1) day of rest in a calendar week.

120.     Defendants failed to give at least one (1) day off to Plaintiffs and the Class Action Members on numerous occasions between October 2011 to present.

121.     Defendants' failure to provided one (1) day off in any calendar week as required by NYLL 161 was not in good faith.

122.     Under section 198(1-d), Plaintiffs and the Class Action Members are each entitled to damages of fifty ($50) dollars for each workweek in which Defendants violated section 195(3) of the NYLL by not furnishing them with a proper wage notice, and damages of one hundred ($100) dollars for each workweek that Defendants failed to provide them with accurate wage statements up to a maximum of twenty-five hundred ($2,500) dollars, together with costs and reasonable attorneys' fees.

## ELEVENTH CAUSE OF ACTION
Unjust Enrichment – Failure to Pay All Wages Due
Including Wages for Overtime and Spread of Hours)

123.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs as if they were set forth herein.

124.    At all times relevant to this action, Defendants, by its policies and actions, benefited from, and increased its profits and personal compensation by failing to pay Plaintiffs and the Class Action Members: (1) all wages due for work performed, including but not limited to, overtime for hours worked in excess of forty (40) hours in a workweek at one and one-half times their regular wage rate; and (2) an extra one (1) hour at the minimum wage for working a "spread of hours" in excess of ten (10) hours or a shift longer than ten (10) hours.

125.    Defendants accepted and received the benefits of the work performed by Plaintiffs and the Class Action Members at the expense of Plaintiffs and the Class Action Members and were therefore unjustly enriched.

126.    It is inequitable and unjust for Defendants to reap the benefits of Plaintiffs' and the Class Action Members' labor.

127.    Plaintiffs and the Class Action Members are entitled to relief for this unjust enrichment in an amount equal to the benefits unjustly retained by Defendants plus interest on these amounts.

## TWELFTH CAUSE OF ACTION
(Failure to Pay Uniform Reimbursement in Accordance with 12 NYCRR § 142-2.5)

128.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs as if they were set forth herein.

129. At all times relevant to this action, Defendants by its policies and actions, benefited from, and increased it profits by failing to reimburse Plaintiffs and the Class Action Members for their uniforms as per the requirements in 12 NYCRR § 142-2.5.

130. 12 NYCRR § 142-2.5 mandates that where an employee purchases a required uniform, he shall be reimbursed by the employer for the cost thereof no later than the time of the next payment of wages. This law also provides relief for an employer's failure to launder or maintain uniforms for its employees.

131. It is inequitable and unjust for Defendants to reap the benefits of their failure to adhere to the requirements of 12 NYCRR § 142-2.5.

132. Plaintiffs and the Class Action Members were required to wear work uniforms provided by or through Defendants, which Plaintiffs and the Class Action Members were required to launder and maintain themselves.

133. Defendants failed to provide the "uniform allowance" payments under 12 NYCRR § 142-2.5 to Plaintiffs and the Class Action Members.

134. Consequently, Defendants violated 12 NYCRR § 142-2.5 by failing to pay Plaintiffs and the Class Action Members a "uniform allowance."

135. For the foregoing reasons, Defendants violated 12 NYCRR § 142-2.5 and are liable to Plaintiffs and the Class Actions Members in an amount to be determined at trial, plus interest, reasonable attorneys' fees and costs.

136. Plaintiffs and the Class Action Members are entitled to relief for this unjust enrichment in an amount equal to the benefits unjustly retained by Defendants plus interest on these amounts.

## JURY DEMAND

1.        Plaintiffs demand a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and the FLSA Collective Action Members and/or Rule 23 Class Action Members, respectfully requests the Court grant the following relief:

A.        An Order certifying this action as a collective action pursuant to Fed. R. Civ. P. 23(b) for the violations of the FLSA as it pertains to the First Cause of Action under 29 U.S.C. § 216(b) for the members of the FLSA Collective described herein and designating Plaintiffs and their counsel to represent the FLSA Collective Action Members;

B.        An Order using notice at the earliest possible time or allowing Plaintiffs to give notice pursuant to 29 U.S.C. §216(b) of this collective action to all similarly situated members of the FLSA Opt-In Class, who have been employed by Defendants. Such notice shall inform them of the filing of this civil action, the nature of the action, and their right to join this lawsuit if they believe they were denied proper wages;

C.        An Order certifying the case as a class action pursuant to Fed. R. Civ. P. 23 as it pertains to the Second through Fifteenth Causes of Action for the class of employees described herein, certifying Plaintiffs as class representatives, and designating Plaintiffs' counsel as class counsel;

D.        Judgment for Plaintiffs and the FLSA Collective Action Members for all statutory, compensatory, liquidated, and punitive damages or any other damages

authorized by law or equity sustained as a result of Defendants' unlawful conduct, as well as prejudgment and post-judgment interest;

E.      Judgment for Plaintiffs and the Rule 23 Class Action Members for all statutory, compensatory, and liquidated damages, or any other damages authorized by law or equity sustained as a result of Defendants' unlawful conduct, as well as prejudgment and post-judgment interest;

F.      An injunction requiring Defendants to pay all statutorily required wages pursuant to the FLSA and the NYLL and requiring Defendants to comply with the FLSA and the NYLL in the future;

G.      An award to Plaintiffs, the FLSA Collective Action Members, and/or the Rule 23 Class Action Members of reasonable attorneys' fees, expert fees, costs, and expenses as authorized by law;

H.      An award of prejudgment and post judgment interest; and

I.      Any and all other relief as this Court deems just and proper.


Dated: Lake Success, New York
       October 12, 2017

                                        Yours, etc.,

                                        AVALLONE & BELLISTRI, LLP

                                        By:  _Rocco G. Avallone_

                                        Rocco G. Avallone, Esq.
                                        Christopher F. Bellistri, Esq.
                                        *Attorneys for Plaintiffs and the*
                                        *Putative FLSA Collective Class*
                                        3000 Marcus Avenue, Suite 3E07
                                        Lake Success, New York 11042
                                        (516) 986-2500