UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------X

DAVID WILLIAMS, TAJUAN CRUM,
DERRICK QUILL, DAMIEN RICE, DONNIE POWELL, AND
DIANA SANFILIPPO McGLONE as Administratrix of the Estate
of MICHAEL T. McGLONE on behalf of themselves
and all employees similarly situated,

                              Plaintiffs,

-against-

LIPARI TRUCKING, INC., FRANK LIPARI,
Chief Executive Officer and President, along with
any and all agents, subsidiaries, and affiliates;

                              Defendants.

------------------------------------------------------------X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

 NOV 25 2019 

LONG ISLAND OFFICE

~~(Proposed)~~ Order

Case No. 17-CV-6007 (NGG)(SIL)

### ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT, PROVISIONAL CERTIFICATION OF THE SETTLEMENT CLASS, APPOINTMENT OF CLASS COUNSEL, AND APPROVAL OF THE PROPOSED NOTICE OF SETTLEMENT AND CLASS ACTION PROCEDURE

The above-entitled matter came before the Court on Plaintiff's Motion for Preliminary Approval of Settlement, Provisional Certification of the Settlement Class, Appointment of Class Counsel, and Approval of the Proposed Notice of Settlement and Class Action Settlement Procedure ("Motion for Preliminary Approval").

IT IS ORDERED Plaintiff's Motion for Preliminary Approval is granted.

IT IS ORDERED, as set forth below, that the Court: (1) grants preliminary approval of the settlement, (2) provisionally certifies the class for purposes of settlement, (3) appoints Avallone & Bellistri, LLP as class counsel, (4) approves distribution of the proposed notice, and (5) implements the schedule proposed by the parties for effectuating the other terms of the proposed settlement.

## I. Preliminary Approval of Settlement

1. Based upon the Court's review of the Plaintiffs' Memorandum of Law in Support of Plaintiffs' Motion for Preliminary Approval of Settlement, the Declaration of Rocco Avallone ("Avallone Declaration"), and all other papers submitted in connection with Plaintiffs' Motion for Preliminary Approval, the Court grants preliminary approval of the settlement memorialized in the Settlement Agreement and Release *— as modified, see attached* ("Settlement Agreement" or the "Settlement"), attached to the Avallone Declaration in support of Plaintiffs' Motion. *(22)*

2. The Court concludes that notice to the Class is appropriate. *— as modified, see attached (23)*

3. On the record before the Court at this time, it appears to the Court that the Settlement Agreement is the result of extensive, arm's length negotiations.

4. On the record before the Court at this time, it appears to the Court that the assistance of an experienced mediator, Martin Scheinman, Esq. reinforces that the Settlement Agreement is non-collusive.

## II. Provisional Certification of the Settlement Class

5. The Court provisionally certifies the following class under Rule 23 of the Fed. R. Civ. P. and New York Civil Practice Law and Rules §§ 901 and 902, for settlement purposes ("Settlement Class"):

> All persons who work or have worked as Delivery Drivers and Helpers for Lipari Trucking between October 13, 2011 through Final Approval and for all minority Drivers and Helpers between October 13, 2011 through Final Approval.

6. Rule 23(a) of the Fed. R. Civ. P. provides that one or more members of a class may sue as representative parties on behalf of a class if:

> 1. the class is so numerous that joinder of all members whether otherwise required or permitted is impracticable ["numerosity"];

  2.   there are questions of law or fact common to the class which predominate over any questions affecting only individual members ["predominance"];

  3.   the claims or defenses of the representative parties are typical of the claims or defenses of the class ["typicality"];

  4.   the representative parties will fairly and adequately protect the interests of the class ["adequacy"]; and

  23(b).  a class action is superior to other available methods for the fair and efficient adjudication of the controversy ["superiority"].

7.  For purposes of settlement only, and without any prejudice to Defendants to oppose any motion for class certification if the Settlement Agreement is terminated, the Court finds Plaintiffs meet all of the requirements for class certification under Rule 23 of Fed. R. Civ. P. and CPLR §§ 901 and 902.

8.  It appears that Plaintiffs satisfy Rule 23(a) (1) of Fed. R. Civ. P. and New York Civil Practice Law and Rules §§ 901 and 902 because ~~there are in excess of 100 Class Members and, thus,~~ joinder is impracticable.

9.  It appears that Plaintiffs satisfy Rule 23(a) (2) of Fed. R. Civ. P. and CPLR § 901(a)(2) because that common questions of law or fact predominate over any questions affecting individual members.

10.  In this case, it appears that Plaintiffs share a common claim based on Defendants' alleged failure to pay overtime, minimum wage and/or provide notices and benefits as required by law to members of the Class as well as Defendant's assignments to minority members of the Class.

11.  It appears that Plaintiffs satisfy Rule 23(a) (3) of Fed. R. Civ. P.CPLR §901 (a)(3) because the named Plaintiffs' claims are "typical" of the Class.

12.  It appears that Plaintiffs also satisfy Rule 23(a) (4) of Fed. R. Civ. P.and CPLR § 901(a) (4). Section 901(a) (4) requires that the named Plaintiff be in a position to adequately

protect the interests of the members of the class in the litigation. Here, it appears that the class representatives possess a financial interest in the outcome of the litigation and adequate financial resources to pursue the claims. Further, it appears that there are no conflicts between the class members and the class representative, and counsel for the class representative is competent to adequately represent the interests of the class.

13. The Plaintiffs are represented by counsel who is experienced in class actions, labor and employment law, and wage and hour cases in particular.

14. Finally, it appears that Plaintiffs satisfy the elements of CPLR § 901(a)(5) regarding superiority.

15. The other factors related to Rule 23 and CPLR § 902 weigh in favor of class certification, as no other actions have been commenced against Defendants and this forum appears to be best suited to hear the matter.

### III. Appointment of Plaintiff's Counsel as Class Counsel

16. The Court appoints Rocco Avallone and Christopher Bellistri, Avallone & Bellistri, LLP, 300 Marcus Avenue, Suite 3E7, Lake Success, NY 11042 as Class Counsel because they meet all of the requirements of Rule 23 (g) (1) and CPLR § 901(a)(4).

17. It appears that Class Counsel did substantial work identifying, investigating, mediating and ultimately settling Plaintiffs' and the class members' claims.

18. Class Counsel has experience prosecuting and settling employment class actions, including wage and hour class actions with large numbers of Plaintiffs. Class Counsel is well-versed in wage and hour law and in class action law.

### IV. Class Notice

19. The Court approves the Proposed Notice of Pendency of Proposed settlement of

*as modified, see attached*

Class and Collective Action Lawsuit and Fairness Hearing ("Notice") and Claim Form and Release, which are attached as Exhibits A and B, respectively, and directs their distribution to the Class. 

20. The content of the Notice fully complies with due process and Rule 23 of Fed. R. Civ. P. and CPLR §§ 901 and 902.

21. The Notice satisfies each of these requirements and adequately puts class members on notice of the proposed settlement.

## V. Class Action Settlement Procedure

21. The Court hereby sets the following settlement procedure:

| | |
|---|---|
| Within 10 days of entry of this Order | Defendants shall provide the Class List to the Settlement Claims Administrator in electronic format |
| 20 days after the Preliminary Approval Order | Mailing of Class Notice and Claim Form to Class Members |
| 45 days after Mailing of Notice | Last day for Class Members to "opt out" of the Settlement or to submit written objections to the Settlement |
| 45 days after Mailing of Notice | Last day for Class Members to qualify as a Participating Class Member by filing claim form to join settlement |
| May 1, 2010 at 9:30 a.m. (~~approximately 100 days after the signing of this Order~~) or as otherwise set by ~~the Court as:~~ | Fairness Hearing |

It is so ORDERED this 2_ day of _N__, 2019.

SO ORDERED
by
Magistrate Judge Steven I. Locke
/S/ STEVEN I. LOCKE