**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
--------------------------------------------------------------------------------X

DAVID WILLIAMS, TAJUAN CRUM,
DERRICK QUILL, DAMIEN RICE,
AND DIANA SANFILIPPO MCGLONE *as*
*Administratrix of the Estate of*
MICHAEL T. MCGLONE *on behalf of themselves*
*and all employees similarly situated*,

                              Plaintiffs,                  17-cv-6007 (SIL)

            -against-

LIPARI TRUCKING, INC., and FRANK LIPARI,
*Chief Executive Officer and President, along with*
*Any and all agents, subsidiaries, and affiliates*,

                              Defendants.

--------------------------------------------------------------------------------X

### ORDER APPROVING THE SETTLEMENT AND
### DISMISSING THE ACTION WITH PREJUDICE

Upon careful review of the proposed Settlement Agreement and Release (the "Settlement Agreement"), *see* DE [32], and on considering the record of these proceedings, the representations, arguments and recommendation of counsel for the moving parties, and the requirements of law, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. The Court has jurisdiction over the subject matter and parties to this proceeding pursuant to 28 U.S.C. § 1332.

2. Venue is proper in this district.

3. The Court has certified the following class under Rule 23 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") and New York Civil Practice Law

and Rules ("CPLR") §§ 901 and 902, for settlement purposes ("Settlement Class"):

> All persons who work or have worked as Delivery Drivers and Helpers for Lipari Trucking between October 13, 2011 through Final Approval and for all minority Drivers and Helpers between October 13, 2011 through Final Approval.

4.  The Court has approved the Proposed Notice of Pendency of the Proposed Settlement of Class and Collective Action Lawsuit and Fairness Hearing (as modified by the Court) and Claim Form and Release ("Class Notice") and directed their distribution to the Class.  The content of the Class Notice fully complies with due process and Rules 23 of the Fed. R. Civ. P. and CPLR §§ 901 and 902.  The Class Notice adequately put class members on notice of the Settlement Agreement.

5.  The Class Notice will be mailed to each Settlement Class member via first-class mail; if a Settlement Class member does not have a known address, the class administrator, as defined below, will take reasonable steps to obtain the last known address of that member ("Notice Plan").

6.  Rocco Avallone and Christopher Bellistri of Avallone & Bellistri, LLP, 300 Marcus Avenue, Suite 3E7, Lake Success, NY, 11042 have been appointed as class counsel ("Class Counsel").

7.  Arden Claims Service, 322 Main Street, Port Washington, NY, 11050 will act as the Claims Administrator for the Settlement ("Claims Administrator").

8.    Section 16(b) of the Fair Labor Standards Act ("FLSA") requires that, before a Court may enter judgment on an FLSA settlement, it must scrutinize the agreement to determine that the settlement is fair and reasonable.   29 U.S.C. § 216(b); *see Chun Lan Guan v. Long Island Business Institute, Inc.*, 2020 WL 1289517, at *2 (E.D.N.Y. Mar. 18, 2020) (citing *Wolinsky v. Scholastic Inc.*, 900 F.Supp.2d 332, 335 (S.D.N.Y. 2012)).   The Court must consider "whether the agreement 'reflects a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Oxley v. Excellent Home Care Services, LLC*, No. 20-cv-2374, 2020 WL 589581, at *1 (E.D.N.Y. Jan. 8, 2020) (citing *Le v. Sita Info. Networking Computing USA, Inc.*, No. 7-cv-0086, 2008 U.S. Dist. LEXIS 46174, at *1-2 (E.D.N.Y. June 12, 2008)).   Here, the Settlement Agreement was entered into by experienced counsel after extensive, arm's-length negotiations.   The Settlement Agreement is not the result of collusion and was entered into in good faith.   Class Counsel and the Plaintiffs have fairly and adequately represented the Settlement Class for purposes of entering into and implementing the Settlement Agreement.

9.    Further, in determining whether the Settlement Agreement is fair and reasonable, the Court has considered the five factors used in this Circuit to evaluate FLSA settlements: "(1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their claims and defenses;

3

(3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion." *Chun Lan Guan*, 2020 WL 1289571, at *2 (citing *Wolinsky*, 900 F.Supp. 2d at 335).

10. The Settlement Agreement also complies with the guidance set forth in *Cheeks v. Freeport Pancake House*, 796 F.3d 199 (2d Cir. 2015): (1) there are no restrictive confidentiality provisions that might conflict with the remedial purposes of the FLSA; (2) the release is proportional to the FLSA wage and hour claims asserted in the litigation; and (3) the attorney's fees equate to approximately one-third of the total settlement amount and are thus fair and consistent with the provisions of the agreement between Plaintiffs and their counsel.

11. The Plaintiffs' release of the Defendants as partial consideration for the settlement are sufficiently limited to deem the releases fair and proper.

12. The Court has reviewed the Settlement Agreement provision regarding attorneys' fees, and finds that the apportionment of approximately one third of the settlement amount to the attorney's fees (i.e., $290,833.33) is a fair and reasonable reflection of the services rendered to the Plaintiffs by their counsel, Avallone & Bellstri, LLP. Such apportionment is well within the parameters set by courts in this District. *See, e.g., Alvarez v. Sterling Portfolio Inv., LP*, 16 Civ. 5337, 2017 WL 8790990, at *4-5 (E.D.N.Y. Dec. 13, 2017); *Ezpino v. CDL Underground Specialists, Inc.*, 14 Civ. 3173, 2017 WL 3037483, at *3 (E.D.N.Y. June 30, 2017); *Pucciarelli v. Lakeview Cars, Inc.*, 16 Civ. 4751, 2017 WL 2778029, at *2

(E.D.N.Y. June 26, 2017); *Karic v. Major Auto. Cos*., 09 Civ. 5708, 2016 WL 1745037, at *8 (E.D.N.Y. Apr. 27, 2016); *Abrar v. 7-Eleven, Inc*., 14 Civ. 6315, 2016 WL 1465360, at *3 (E.D.N.Y. Apr. 14, 2016).

13. In light of the foregoing factors, the Court holds that the Settlement Agreement is fair and reasonable.  The Settlement Agreement is therefore APPROVED by the Court.

14. Pursuant to the terms of the Settlement Agreement, the Court retains jurisdiction over this matter for purposes of enforcement of the settlement.

15. Each party shall bear its own costs, except as provided to the contrary in the Settlement Agreement and in this Order.

16. FINAL JUDGMENT is hereby ENTERED dismissing with prejudice this lawsuit and the claims of the Plaintiffs asserted in it.

DATED: This 5th day of May, 2020

SO ORDERED

/s/ Steven I. Locke
Magistrate Judge Steven I. Locke
United States District Court
Eastern District of New York

5